**CARLUCCIO, LEONE, DIMON, DOYLE & SACKS, L.L.C.**
Attorneys and Counsellors at Law
9 Robbins Street
Toms River, NJ 08753
732-797-1600
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT FLORRE, Administrator Ad Prosequendum and General Administrator of the Estate of KENNETH FLORRE, deceased, | Civil Action No. 04-cv-3328(FLW) |
| Plaintiff, <br> v. | Hon. Freda L. Wolfson, U.S.D.J. |
| CORRECTIONAL HEALTH SERVICES, INC., COUNTY OF OCEAN, OCEAN COUNTY DEPARTMENT OF CORRECTIONS, THEODORE HUTLER, Individually and as Warden for Ocean County Department of Corrections, RICHARD PETERSON, THERESA KAUFMAN, MICHAEL DELANOY, MICHAEL FLEMING, BRIAN HEDIN, JOHN PEDONE, RICHARD THERIEN, RICHARD VADIMSKI, MICHAEL HOLDEN, STELLA CALVERT, JOHN DOHN, PATRICIA MANULI, BETTY KRAWIECKI, LINDA FLATT, GAYLE INGENITO, DONATO J. SANTANGELO, III, M.D., ABC BUSINESS 1-5 (Said Names Representing a Fictitious Corporation, Partnership, Association or Sole Proprietor, True Names Unknown at this Time), <br><br> Defendants. | **ORDER APPROVING STRUCTURED SETTLEMENT, ATTORNEYS FEES AND COSTS** <br><br> RECEIVED <br><br> SEP 2 0 2007 <br><br> AT 8:30_____M <br> WILLIAM T. WALSH <br> CLERK |

This matter being opened to the Court on the application of Paul V. Orecchia, Esq., of the firm of Carluccio, Leone, Dimon, Doyle & Sacks, LLC, attorneys for Plaintiff, Robert Florre, Administrator Ad Prosequendum and General Administrator of the Estate of Kenneth Florre, to approve the Settlement and proposed distribution of settlement proceeds and funding of a Structured Settlement, pursuant to Rule 4:44-3, and

It appearing that Plaintiff has heretofore settled with Defendant, County of Ocean and its employees, the proceeds of which settlement net of legal costs incurred are currently being held in an interest bearing Trust Account of Carluccio, Leone, Dimon, Doyle & Sacks as more fully set forth in the Court Order dated August 13, 2007; and

It appearing that the Plaintiff has settled with defendant, Correctional Health Services and that Plaintiff seeks to structure a portion of such settlement for the benefit of Hailey Grube (DOB 3-11-98), an infant who is the natural child of decedent Kenneth Florre, as more fully set forth in the parties settlement agreement; and

It appearing that the proposed structured settlement, when placed, will provide infant heir at law, Hailey Grube, with:

> A. An Initial Set of Monthly payments beginning November 15, 2007, following funding of the structure, to be paid to Jenny Grube as parent and natural guardian of Hailey Grube for the benefit of Hailey Grube. These payments are guaranteed, for eight (8) years and four (4) months.
>
> B. At the end of the aforementioned payments, a Second Set of Monthly payments shall begin on March 15, 2016 and guaranteed for forty (40) years plus Hailey Grube's life.
>
> C. Eight level guaranteed annual payments will be made beginning on March 11, 2016 and guaranteed for eight (8) years.
>
> D. Thereafter, in addition to the monthly payments, guaranteed lump sum payments will be made on March 11, 2025 and March 11, 2028).

The balance of the Correctional Health Service's settlement monies shall be made payable to the Carluccio, Leone, Dimon, Doyle & Sacks, LLC Trust Account to be distributed pursuant to the agreement of the parties and this Order along with the balance of the Ocean County settlement monies, which is currently being held in the Attorney Trust account of Carluccio, Leone, Dimon, Doyle & Sacks, L.L.C.

It appearing that Robert Florre, the Administrator Ad Prosequendum and General Administrator of the Estate of Kenneth Florre, seeks Court approval to pay over certain portions of the settlement amount to Robert Florre, grandfather of decedent and Donna Toolan, the mother of decedent, each of whom had a pecuniary interest in the life of decedent under applicable New Jersey Law; and to Hailey Grube's mother, Jenny Grube an amount equal to the Child Support Arrearages.

The Court having considered the benefits to the Heir at Law which will result from the proposed structured settlement which will provide the Heir at Law with funds for her financial support throughout her life; and

The Court having satisfied itself on the financial security of the obligor or surety which will be obligated to make future payments called for by this Structured Settlement placed with Prudential Assigned Settlement Services, Corp., by UBS Financial Services, Inc., Wade Martin, 100 Overlook Center, Princeton, NJ 08540; and

The Court having reviewed the expenses incurred by plaintiff's counsel in this litigation and the attorney's fees sought pursuant to Rule 1:21-7(h);

And for Good Cause Appearing,

IT IS IN THIS 20th day of September 2007

**ORDERED** that the Settlement in the above cause of action be and is hereby approved as follows:

1. Defendant CHS will pay over as hereinafter provided the total sum as agreed between the parties in full and final settlement of all claims of Plaintiffs and dismissal with prejudice of this action.

2. The settlement funds paid by the County of Ocean Defendants previously deposited in the Trust Account of Plaintiffs' attorneys, Carluccio, Leone, Dimon, Doyle & Sacks, LLC, with all accumulated interest thereon shall be paid over to Carluccio, Leone, Dimon, Doyle & Sacks, LLC as payment of costs and partial payment of attorney's fees.

3. Pursuant to the agreement executed by the parties, the settlement funds to be paid by CHS Defendants shall be paid as follows:

 a. To Carluccio, Leone, Dimon, Doyle & Sacks LLC the balance of attorney's fees in accordance with Rule 1:21-7; and the settlement monies, on behalf of Robert Florre, Donna Toolan, Jenny Grube, Mother and Natural Guardian of Hailey Grube, on behalf of Hailey Grube.

 b. To Prudential Assigned Settlement Services, Corp., the settlement monies to fund the Structured Settlement for Hailey Grube. All payments required under the structured settlement to be made prior to Hailey Gube's Eighteenth (18) Birthday shall be made for her benefit to Jenny Grube, her Mother and Natural Guardian.

4. All sums set forth herein constitute damages on account of personal injuries and sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

**IT IS FURTHER ORDERED** that a copy of this Order be served upon all interested parties within _____5_____ days of the date hereof.

_____
HONORABLE FREDA L. WOLFSON, U.S.D.J.